IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROHO, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 3:04-cv-286-MJR |
| ) | |
| CHEMIONICS CORPORATION, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

On September 7, 2005, this Court held a telephonic discovery dispute conference in which David R. Bohm appeared on behalf of the Plaintiff and James K. Borcia appeared on behalf of the Defendant.  The dispute concerned: 1.  The Defendant's failure to timely respond to the Plaintiff's Fourth Request for Production concerning the production of samples of the retain of batches of black neoprene compound (that is the product at the heart of this matter); 2.  The relevance of Roho's current neoprene latex formulas that Chemionics seeks in conjunction with the deposition of certain experts testifying on behalf of Roho; 3.  The apparent failure of service of documents by both parties; and, 4.  A change in the settlement conference date and/or the schedule in this case.

The first issue involves the production of samples of black neoprene, the substance that forms the basis of the dispute between the parties.  The Plaintiff represented that its expert, under ideal circumstances, required a total of 5 liters of the retain of each batch of black neoprene shipped to the Plaintiff by the Defendant from January 1, 2000 to the present.  The parties represented that there exists a few hundred of these batches of retain.  The Defendant represented that it does not currently have 5 liters available of the retain of each batch and, in any event,

must keep enough of the retain for its own expert's destructive testing. In addition, the Defendant represented that it does not know exactly what amount of retain for each batch it currently has available. The parties agree that the black neoprene, while initially is in liquid form, solidifies over time. The parties further agree that the liquid form is needed for testing. The Plaintiff also indicated that, while its expert may require a total of 5 liters, it is not sure whether a lesser amount may be acceptable. Both parties acknowledged that each parties' expert must have a sufficient amount of retain in order for their experts to conduct destructive testing.

The second issue revolves around a "Docurment [sic] Rider for Depositions of Gast, Slosser and Guthrie" (all caps omitted) which was submitted to the Plaintiff on September 6, 2005. This is a list of documents that the Defendant wants each of the deponents to produce at their depositions. Each of the named deponents are experts who will testify on behalf of Roho. Roho objects to requests 8 and 35 which seek, "[t]he current Roho formula referenced in Mr. Gast's report" and "[a]ll documents after January 1, 2000 relating to Roho's looking into alternative suppliers of latex or producing latex for its own use," respectively. Roho asserts that these requests seek the current chemical formula of neoprene latex that it has developed and uses.
Roho claims that this formula is a trade secret and that it is otherwise irrelevant to this lawsuit. Chemionics asserts that the formulas are relevant because Roho has placed these formulas at issue by claiming that Chemionic's formula was defective (and led to tainted neoprene) and that the current formula does not result in the same type of impurities.

The third issue concerns the serving of various discovery requests and responses. With respect to the Fourth Request for Production of Documents, Attorney Borcia asserted, in a July

7, 2005 e-mail to Attorney Bohm, that he had not been served with the Request.  At the conference, the Attorney Borcia stated that he had served timely objections to the Request.  However, Attorney Bohm stated that he received no such response.  The parties were encouraged to resolve this issue by communicating more effectively with each other.

Finally, the fourth issue involves a request to reset the settlement conference date at Attorney Borcia will be on holiday during that day.

During the conference it became apparent that more information was needed in order for this Court to make a ruling of the discovery dispute.  To that end, this matter is SET for an in person Discovery Dispute Hearing on September 20, 2005 at 3:00 p.m.  By that time, Attorney Borcia has represented that he will have measurements of the remaining retain of each batch of black neoprene that the Plaintiff requests.  At the hearing, the parties should be prepared to discuss:

> 1.  How much retain each parties' expert needs to conduct their testing.  If the amount necessary is more than the amount that is actually available, the parties should be prepared to discuss other available options such as whether each of their experts can perform their tests together.
>
> 2.  The relevance of Roho's current chemical formula for neoprene latex to whether or not, in part, Chemionic's formulation is defective.
>
> 3.  A new mutually acceptable settlement conference date.
>
> 4.  Finally, the parties should be prepared to discuss whether a change in any other part of the schedule in this case may be necessary.

**DATED: September 7, 2005**

                                        **s/ Donald G. Wilkerson**
                                        **DONALD G. WILKERSON**
                                        **United States Magistrate Judge**