IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ROHO, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 3:04-cv-286-MJR |
| | ) | |
| CHEMIONICS CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

This matter is before the Court on the on-going discovery dispute regarding the production of samples of black neoprene that was the subject of this Court's Order dated September 7, 2005 (Doc. 65). The background of this issue will not be repeated. In the September 7th order, the parties were directed to report back to the Court regarding their discussions about procedure to be employed by their experts in conducting destructive testing of the neoprene. This Court held a hearing on this matter on September 20, 2005.

At the hearing, the Defendant indicated that there were between 1 and 3 quarts of retain for each batch of neoprene. At least 1 quart of each batch is of the substance after the final straining (and hence at least 1 quart is equal to or similar to the final product and provides the most beneficial sample to be tested). There are approximately 52 representative batches of retain that remain. Of these 52 batches, approximately 23 have only one quart of retain available. Each quart contains solid and liquid material ("soap"). The parties agree, and the Court so orders, that the defendant will ship to the plaintiff 1 quart of post-straining retain for every odd numbered batch. This amounts to, approximately 26 quarts of retain. The Plaintiff further agreed that its expert would conduct testing on only one half of each quart received. The Defendant also agreed to limit its expert's testing to one half of each quart that he/she tests. The remainder will

be maintained in order for the opposing party to conduct their own testing. This agreement was made because the parties represented that it would be impossible for their experts to work together in testing the material due to separate facilities and procedures.

In addition, in light of the future testing, the new/supplemental expert disclosure/reports deadline is hereby set to November 28, 2005.

Finally, the parties argued with respect to the disclosure of the Plaintiff's formula for neoprene. At the hearing, the Plaintiff submitted a memorandum supporting the entry of a protective order. The Defendant was ordered to respond to this memorandum by October 4, 2005. The Plaintiff's memorandum has been docketed as a motion for a protective order (Doc. 67).

**DATED: September 27, 2005**

**s/ Donald G. Wilkerson**
**DONALD G. WILKERSON**
**United States Magistrate Judge**
