IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ROHO, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:04-cv-286-MJR |
| | ) | |
| CHEMIONICS CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This matter is before the Court on the Motion for Protective Order (entitled "Memorandum of law in support of Plaintiff's response to Defendant's third request for production of documents") filed by the Plaintiff, Roho, Inc., on September 20, 2005 (Doc. 67). The motion is **GRANTED IN PART**.

### BACKGROUND

The Defendant, Chemionics Corporation, propounded discovery requests in which it sought Roho, Inc.'s neoprene chemical formula. Roho objects to producing the formula because it is a trade secret and irrelevant to this lawsuit. Chemionics argues that the formula can be produced, subject to a protective order, and is relevant because Roho's expert compares and contrasts various neoprene compounds including those developed by Chemionics and Roho. Chemionics argues that it requires the formula in order to adequately rebut Roho's expert's conclusions.

### DISCUSSION

Federal Rule of Civil Procedure 26(b) provides for discovery "regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ." Rule 26(c) goes on to provide, however, that this Court may, "for good cause show" enter a protective order "that a

trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way . . . ." Jepson, Inc. v. Makita Electrical Works, Ltd., 30 F.3d 854, 858-859 (7th Cir. 1994) (judge must independently evaluate whether good cause exists for entry of a protective order).

As indicated above, Roho seeks an order that would completely prevent disclosure of the chemical formula. Chemionics points out, however, that Roho's expert used Roho's chemical formulation in order to compare it to Chemionics' formulation. Specifically, the expert highlights that Chemionics' neoprene compound creates a flocking problem that did not develop prior to the use of Chemionics' neoprene and that did not occur when Roho used its own neoprene. The expert further indicates that the same "procedures" were used with each of the neoprene compounds. Thus, presumably, the flocking problem only occurs when Chemionics' neoprene is used as oppose to some other cause.

The standard for discoverable information is low. If Roho's expert has available to him Roho's formula for neoprene and uses that formula to compare it to Chemionics' formula, fairness dictates that Chemionics' expert also be allowed to make the same types of comparisons. The formula is relevant as it may form the basis of an expert opinion that goes to the very heart of this dispute. As such, Roho **SHALL** produce documents responsive to Chemionics' third request for production of documents by December 21, 2005. In addition, as it is clear that this formula is a trade secret, any such disclosure **SHALL** be subject to the same protective order that governs Chemionics' disclosure of its chemical formula.

## CONCLUSION

For the foregoing reasons, the Motion for Protective Order (entitled "Memorandum of law in support of Plaintiff's response to Defendant's third request for production of documents") filed by the Plaintiff, Roho, Inc., on September 20, 2005 is **GRANTED IN PART** (Doc. 67).

**DATED: December 13, 2005**

<u>s/ Donald G. Wilkerson</u>
**DONALD G. WILKERSON**
**United States Magistrate Judge**
